# THE GERMAN UNION FIRE INSURANCE COMPANY *vs.* ISIDOR COHEN.

*Appeal—Fire Insurance—Misrepresentation as to Ownership of Part of Property Covered by Household Furniture Clause—What Constitutes False Swearing Avoiding the Policy.*

An appeal will not be dismissed merely because the appellant failed to pay the cost of printing the record within ten days after receipt of notice from the Clerk of the Court of Appeals, as is required by Rule 34, if the record was in fact printed and ready when the cause was called for argument in regular order.

A policy of fire insurance was issued to the plaintiff on household furniture, wearing apparel of family, sewing machine, etc. The policy provided that it should be void if the insured had concealed or misrepresented any material fact concerning the insurance, or if the interest of the insured in the property be not duly stated, or if the interest of the insured be other than unconditional and sole ownership. *Held,* that the fact that the sewing machine and certain clothing, covered by the general terms of the policy, did not belong to the plaintiff, but to his wife, is not such a misrepresentation of ownership as renders the entire policy void.

In plaintiff's proof of loss, verified by affidavit, he stated that among the articles injured by fire of which he was the owner were certain pieces of women's clothing and a sewing machine. At the trial of the cause, he stated that he had given to his wife the money to buy the sewing machine. *Held,* that this affidavit does not avoid the policy under a clause in it providing that in case of any fraud or false swearing by the insured, touching any matter relating to the insurance, whether before or after loss, the policy should be void

Under a provision of a policy of fire insurance stating that it should be void in case of any fraud or false swearing by the insured touching any matter relating to the insurance, a misstatement under oath as to the ownership of part of the property insured does not avoid the policy when it was not believed by the insured to be false and was not made with the intent to defraud.

*Decided November 30th, 1910.*

Appeal from the Court of Common Pleas of Baltimore City (HEUISLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*George A. Finch,* for the appellant.

*Myer Rosenbush,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

A motion to dismiss this appeal has been filed in this case upon the ground that the costs of printing the transcript of the record were not paid by the appellant or his counsel within the ten days from the receipt of the notice from the clerk of this Court stating the amount for printing the same, as provided by Rule 34 of this Court. A failure to comply with said rule does not authorize the dismissal of the appeal for such default. *Havre de Grace* v. *Fletcher,* 112 Md. 563. The motion to dismiss, therefore, must be overruled.

This action was brought by the appellee against the appellant company, upon a policy of insurance, to recover for loss and damage by fire to certain property alleged by the appellee to have been covered by said policy of insurance.

The appellee on the 14th day of December, 1908, took out, with the German Union Fire Insurance Company, the appellant, a policy of insurance for five hundred dollars covering certain household furniture and effects at the time in the house then occupied by the appellee as a residence at 206 South Eden street, Baltimore, Maryland. This policy contained what is known as the Household Furniture Form, which is as follows:

"$500. On Household Furniture, useful and ornamental, Beds, Bedding, Linen, *Wearing Apparel of family,* Printed Books, Pictures, Paintings, Engravings and their frames (value on said Pictures, Paintings, Engravings and their Frames, in case of loss, not to exceed cost). Musical Instruments, Plate and Plated Ware, China, Glass and Crockery Ware, Watches and Jewelry in use, *Sewing Machines,* Fuel and Family Stores, while contained in the three story, tin roof, brick dwelling, situate No. 206 South Eden Street, Baltimore, Md."

On the 4th day of July, 1909, this property, while then in the house on Eden street occupied by the appellee, was destroyed or damaged by fire, and on the 17th day of July following, the appellee, through his attorneys, wrote the com-

pany enclosing them a proof of loss; at the same time offering to furnish such other and additional data that might be required of him, in his power to furnish.

, Demand was made by the insured upon the company for the payment of the loss and damage sustained by the appellee by reason of such fire, but the appellant company refused to pay the claim and based their refusal solely upon the alleged fact that the property at the time of the destruction or damage by fire was not located in the place mentioned in the policy of insurance, but had been removed therefrom without notice to or the approval of the company. It was for this reason, and for this reason alone, as disclosed by the evidence, that the appellant company, prior to the institution of this suit, resisted the payment of this claim. The contention arose from the apparent discrepancy existing between the furniture clause heretofore referred to and an endorsement placed thereon by the company as to the location of the property. This question, however, was properly presented to the jury for its consideration by the conceded fifth prayer of the defendant and was passed upon and disposed of by it, and is, therefore, not before us for our consideration.

Upon the failure of the appellant company to pay the claim of the appellee, suit was thereafter instituted upon the policy of insurance, and at the conclusion of the plaintiff's testimony in the trial below the defendant offered four prayers, all of which were refused, and at the conclusion of the whole testimony these four prayers were again offered as defendant's first, second, third and fourth prayers, together with six others, all of which were refused except the fifth prayer, which was conceded.

The record contains but three exceptions to the rulings of the Court; one to the admission of testimony; another to the rejection of the prayers of the defendant offered at the conclusion of the plaintiff's case; and the third to the rejection of the defendant's 1st, 2nd, 3rd, 4th, 6th, 7th, 8th, 9th and

10th prayers, and the granting of the plaintiff's 1st and 5th prayers.

The policy of insurance contains this clause: "This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss * * * or if the interest of the insured be other than unconditional and sole ownership."

It is contended by the appellant company that the policy was rendered void, first: because of the want of insurable interest in the insured in certain of the property mentioned in the household furniture form or clause of the policy, to wit: sewing machine and wife's clothing, and that the appearance of these articles among the articles insured in the policy was a misrepresentation of ownership such as to render the policy void. Second, because of the alleged false swearing of the appellee in relation to the proof of loss in which he inserted these items of property destroyed or damaged by fire as belonging to him or in which he had an insurable interest.

The household furniture clause attached to the policy is in the form of a printed slip containing the names of the articles or class of articles to be covered by the policy, and is generally, if not always, attached to all policies of insurance issued by the company wherein household furniture and effects are insured, unless it is the wish of the applicant for insurance that the description of the property be less general and comprehensive and that only such items or articles of his property, or property in which he has an insurable interest be inserted in the policy as may be specifically enumerated by him.

In the use of this form the company does not call upon the applicant to name specifically the property owned by him and which he wishes to insure, but in lieu thereof and for its own convenience adopts this form or clause, which is sufficiently broad and comprehensive to embrace all articles of furniture and household effects usually found in any dwelling house. This form is used even though it embraces many articles not sought by the applicant to be insured, and therefore it follows that from the mere mention of them in this form upon the policy there can be, as to such articles, no representation on the part of the applicant either as to their existence or ownership; and it cannot be said that the applicant has made a misrepresentation as to such articles should it thereafter be discovered that at the time of the issuance of the policy some one or more of them were not among the property insured, or, if so, were not the property of the applicant. Moreover, the objection as to the want of insurable interest of the husband in the clothing of the wife cannot be successfully made in this case, inasmuch as by the terms of the policy the wearing apparel of the family is expressly included within the property insured. This we think disposes of the first contention of the appellant.

The amount of loss or damage sustained by the appellee, as shown by the proof of loss, was five hundred and nine dollars. In this proof of loss, to which was attached the affidavit of the insured, in which, among other things, he stated that he was the owner of the items therein given, said to have been destroyed or damaged by fire, were the following items: one ladies' fur jacket, $50, one lot of ladies' clothes, $30, damage to one ladies' sewing machine, $5.

The plaintiff when upon the stand and upon cross-examination testified as to the cost, age and amount yet owing upon the machine, and that it was bought under an agreement to pay so much each month on the purchase price thereof, and when asked "Who bought that machine, you or your wife," stated that "The agent came down and she took the

machine.  Q. Was there any agreement signed by your wife as far as you know with the machine company as to this machine?  A. I guess she signed.  Q. Did you sign any paper?  A. No, sir.  Q. You have sworn (referring to the oath attached to the proof of loss) to the fact that the property destroyed by fire was your own?  A. Yes, sir.  Q. And now you testify that the machine belonged to your wife?  A. Ain't my wife my own?  Don't my wife belong to me?"  Later, in his re-direct examination, he was asked, "You have been asked about your wife's connection with the machine. What, if anything, did your wife have to do with buying this machine?"  The defendant objected to this question but his objections were overruled by the Court, and it is this ruling that forms the first bill of exceptions in this case.  The witness being permitted to answer, said: "She needed the machine to sew up some waists and I told her to get a machine and she wanted to get a machine and when I came home I found the machine and she made a contract, she told me.  I gave her the money and she got it with the money."

The witness having testified upon cross-examination in relation to the purchase and ownership of this machine as given above, we see no objection to this question and think the Court properly ruled in admitting the answer thereto. But, should the Court have been wrong in this ruling, there was no reversible error, inasmuch as there was no injury resulting therefrom to the defendant, as the plaintiff thereafter withdrew all claim for damage to the machine and the same was not considered by the jury.

It is upon the affidavit made by the plaintiff to the proof of loss in relation to the ownership of the property mentioned therein, considered in connection with the testimony of the plaintiff given in relation to the ownership of the machine and wife's clothing, mentioned in said proof of loss, that the charge of false swearing by the plaintiff is based, and by reason of which the defendant contends this policy is rendered void.

In general, a misstatement, although under oath, if not intentionally false and made with a purpose to defraud, does not constitute such false swearing as to defeat recovery under a provision in the policy that any fraud or false swearing by the insured relating to the loss or in the proof of loss will forfeit his right of recovery under the policy." 19 *Cyc.* 855.

"To constitute fraud or false swearing the false statement must be wilfully made with respect to a material matter with the intention of thereby deceiving the insurer." *Amer. & Eng. Ency. of Law,* 1st Ed., Vol. 7, page 1047.

"A frequent provision is that any fraud or false swearing by the insured shall forfeit the insurance. This means intentional fraud and false swearing regarding a material matter." *Amer. & Eng. Ency. of Law,* 1st Ed., Vol. 11, page 301.

Before the policy could be rendered void by the alleged false swearing of the defendant, which consists of the statement made by him, under oath, that the articles of property named in the proof of loss, to wit: the sewing machine and wife's clothing, was his property, it must first be shown that the statement was false and was wilfully made and for the purpose to defraud. To have constituted false swearing within the meaning of the contract of insurance, so as to have rendered the policy void, the statement so made must not only have been untrue, but that it was knowingly and intentionally stated with the knowledge of its untruthfulness, or that it was so stated as a truth when the party did not know it to be true and had no reasonable grounds for believing it to be true, and was so made with the purpose to defraud.

It was through the defendant that the disclosure was made that the contract or agreement for the purchase of this machine was made by the wife. The evidence shows no reluctance on his part in making a free, clear and full statement of the facts in relation to its ownership or by whom it was bought. Through him it was first learned that there was a

written agreement and that it had not been signed by him, and when asked why he had stated, under oath, in the proof of loss, that the property was his when he had knowledge that it had been purchased by his wife from the company under a written agreement between her and the company, he replied by saying "Ain't my wife my own? Don't my wife belong to me," and further stating that he had told her to get the machine and had given to her the money with which to get it.

From the record in this case we discover no evidence from which it may be said that the statement made under oath by the plaintiff as to the ownership of this property, if a misstatement, was wilfully and intentionally made and with the intention to deceive or defraud. By the express terms of the policy the wife's clothing was clearly included within the property insured, and if the machine was not so included, the claim for damage thereto was thereafter withdrawn from the consideration of the jury and no injury whatever was suffered by the defendant in consequence of the said alleged misstatement made by the plaintiff. We therefore think this disposes of the second contention of the defendant.

As the defendant proceeded with its testimony after the rejection of its prayers offered at the conclusion of the plaintiff's case, it waived its exception presented by the second bill and therefore it cannot be considered by us—*Baltimore & Ohio R. R. Co.* v. *Logsdon,* 101 Md. 362; but it renewed these prayers at the end of the testimony and they will now be considered with the other prayers then offered under the exception presented by the third bill.

In view of what we have said as to the contentions of the defendant, we find no error in the ruling of the Court in rejecting defendant's 1st, 2nd, 3rd, 8th, 9th and 10th prayers, as they were predicated upon these contentions and dependent upon the correctness of the same.

The fourth prayer of the defendant was clearly erroneous, as it withholds from the jury facts that should have been determined and passed upon by it.

We think the plaintiff's fifth prayer correctly states the rule of damages applicable to this case and that there was no error in the Court in rejecting defendant's sixth prayer on the measure of damages.

By the seventh prayer of the defendant, the Court was asked to instruct the jury that "if the jury shall find from the evidence that no premium was paid for the issuance of the policy to the defendant or its agents, the amount mentioned in the policy, then their verdict shall be for the defendant." In view of the admission of the defendant company of the payment of the premium and their offer contained in their notice of cancellation that they would repay the unearned portion of the premium upon proper demand and surrender of the policy, and in the absence of any evidence in support of its non-payment, the Court in our opinion, committed no error in rejecting this prayer. Nor do we find any error in the ruling of the Court in granting the plaintiff's first prayer, as it correctly states the law of the case.

Finding no errors in the rulings of the Court below the judgment will be affirmed.

*Judgment affirmed, with costs to the Appellee.*